Court, please call the case. Please the court counsel cases before the court on appeal following the denial of the defendant's post conviction petition after a full hearing, the sole claim is that the defendant's felony murder conviction should be reversed because it was improperly based on a predicate felony of aggravated battery of a child and that in light of the Illinois Supreme Court cases of Morgan and Pelt, that conviction was improper. The petition was filed in 2004, this court remanded it back in 2008 and the hearing finally proceeded in 2010. And at that hearing, the trial court judge denied the petition on two bases. First of all, finding that this court's decision on direct appeal was registered CADA because this court had decided that the defendant did not have a right to involuntary manslaughter instructions and found that the defendant acted with the intent to cause great bodily harm. And that Pelt was distinguishable because there was a single act, but here there were two acts. That denial was an error and the defendant's now seeking reversal of the felony murder conviction. There's really three concerns raised. Is the current felony murder analysis, is that an intent based or is it a same act analysis or is it a hybrid? Well, it's kind of a hybrid. I mean, Morgan and Pelt talk about both acts inherent in and arising out of the murder and then also add in this independent felonious purpose language. And as recently as in Davison in 2010, the Illinois Supreme Court has indicated an intent to adhere to that, to both of those things. That inherent in and arising out of the murder and independent felonious purpose. So the issue is, do Morgan and Pelt control the outcome here? This case is remarkably similar, I think, to Pelt, where you have a felony murder conviction based on aggravated battery of a child. The acts were inherent in and arising out of, I mean the same acts form the basis for both the aggravated battery of a child and the killing. I mean, it's the same evidence, the same acts, the same. There wasn't a, these acts were aggravated battery of a child and this was then the acts. Well, let me ask you, do you think the Supreme Court really meant this when I said it in Pelt? And they refer to a refusal to allow felony murder in that case. And it quote, ensures the defendant will not be punished as a murderer, where the state failed in proving to the jury that annoying murder occurred. Right. Well, if that is the law, doesn't that swallow the entire felony murder rule? I don't think it does swallow the whole rule. I mean, felony murder, I think felony murder has its place. It's those cases where the murder doesn't necessarily encompass the underlying felony. Not an armed robbery with a killing arising out of that. Felony murder seems perfectly appropriate for that situation because not all murders are going to involve an armed robbery. But Morgan and Pelt, they talk about how all or most, if not all, murders could also be charged as, there's an aggravated battery involved or an aggravated discharge if it's a shooting, there's an aggravated discharge involved. And so, I mean, I don't have a problem with making the state plead and murder if that's what the evidence is. And if allowing this kind of shortcut by, well, you plead aggravated battery of a child or aggravated battery or aggravated discharge in a case where that really consumes the whole situation. Is that, do you think that's a legislative decision or a judicial decision to make? Well, I mean, the legislature certainly has passed the felony murder statute as it exists. And then the judiciary has interpreted it to say it does not apply to situations where there is not, where the acts are inherent in and arising from the killing, and where there's not an independent felonious purpose. So the legislature enacts the judiciary interprets and the way the judiciary has interpreted the felony murder statute is such that this conviction under Morgan and Pelt can't stand. I mean, the whole idea about felony murder is that the person participates in a forcible felony and then there's a, you'd be subject yourself to a first degree murder charge, I mean, a felony murder charge if someone- Right, for those natural consequences. Right. And how does that fit with the independent intent thing? When you're the driver on the bank robbery and someone's killed inside. Mm-hm, but, I mean, that's what the Supreme Court has said. But there are felony murder cases like that. Sure, but I mean, the independent intent then is the bank robbery, I mean, the intent in that case is to commit a robbery. What ultimately happens is a killing. So the conduct that constitutes the underlying felony, there's an independent felonious intent to that conduct, separate and apart from the conduct that results in the killing. So then it's easier to ring somebody up for murder if the underlying felonious intent had less threat of violence. Then, it just seems a little counterintuitive. Why are you- I mean, I think it's just different. I mean, if the offense is violent, if it's knowing you're going to cause great bodily harm or intending to cause great bodily harm or knowing there's a strong probability of causing great bodily harm, that's a murder charge, first degree under A1 or A2 of the first degree murder statute. Plead it and prove it. And that, I think, is what the judiciary is saying, that felony murder is not intended to encompass those situations. Felony murder is where there is a separate felony, not something that's wholly consumed by the killing itself, but a separate felony, an armed robbery, an aggravated discharge. I mean, some of these cases that have come down since Morgan and Pelt are, they're aggravated discharge cases, but they're I'm in one gang, you're in another, we're shooting at each other, and we kill an innocent bystander. That's appropriate felony murder, because the intended acts, the intended felonious purpose was not related to the killing. Beating the child, and it's not lost on me that this is a terribly tragic situation, I understand that. But should have been plead and proved as a straight murder. Isn't supposedly the purpose of felony murder rule is to deter forcible felonies because you say, look, you're putting yourself at risk that if you go out and try to rob the store and the security guard fires a shot at you and hits a bystander, you're- You're going to be held responsible. And you're going to be held responsible. And so, because of all these bad things that could happen, don't rob stores, okay, because you could get wronged. And so the deterrent effect, well, at the same rule, wouldn't it say don't beat the snot out of somebody? Because if you kill them, you're going to be, if they die, you're going to be- Except for we already have that offense. I mean, that's A1 or A2, that's first degree murder. If it's intent to cause great bodily harm, knowledge that your acts are going to cause great bodily harm, knowledge of the strong probability of great bodily harm, we have that offense. There's a line in Davidson that if the state improperly used felony murder to avoid the burden of intentional or annoying murder, where does that come from? What does that mean? Well, I mean, in Morgan- And they have to other side that too. Yeah, in Morgan and Pell, they talk about there's two concerns, like using, at least those courts were concerned with in deciding those cases. That felony murder could be used to effectively eliminate second degree murder by charging any aggravated battery as a felony murder, because you're not necessarily entitled, not entitled to mitigated instruction in those cases. Or eliminating the need for the state to prove annoying or intentional killing in most murder cases. So that's true. Is there anything inherently wrong with a state for dropping one charge so they don't, as a matter of trial strategy or tactics, to avoid getting a lesser included in? Well, I don't, I mean, the cases have said there's not anything wrong with that. But then I think you limit the consequences. In this case, you have a conviction that's improperly based on a felony that's inherent in and arose out of the killing itself, and didn't have an independent felonious purpose. So, I also, like I say, I don't think there's anything wrong with the state having the discretion to decide which charges to bring and present to the jury. There's also nothing wrong with the court saying. And in this circumstance, for you to get a murder conviction on this, you have to bring and prove the annoying or intentional murder, not, this is not a felony murder. And that's what Morgan and Peltz say. These circumstances, these facts are such that this is not a felony murder. Those cases are still good, I'd say as recently as in 2010 in Davidson. There was some question, the state asked the court to narrow that rule and or abandon part of what they had done in Morgan and Peltz, and the court said, no, there's a continued adherence. Now, in Morgan, they say there's an independent felonious purpose when they possess the intent to commit the predicate felony, rather than the murder itself. How would that fit with this case? Well, I mean- It was the felonious purpose to commit the predicate felony. Right. I think the Morgan and Peltz, they talk about the conduct underlying the predicate felony had to have an independent felonious purpose from the conduct underlying the killing itself. This is all one. I mean, the conduct is relevant. What the conduct was is relevant to a consideration, whether we're talking about is it the same act or different acts of the conduct. It doesn't become irrelevant just because it's not a single act. We're not just a same act analysis. The conduct is relevant, and that conduct, in this case, was charged as striking and asphyxiating, was proved as striking and asphyxiating. It's all the same conduct, it's all the same evidence, and Morgan and Peltz say in those circumstances where you're using it's the same conduct, the same evidence, it would be difficult, if not impossible, to prove an independent felonious purpose. Well, of course, we don't get overrule the Supreme Court even if we disagree with them. So what about the state's argument about race judicata or procedure of the fall? Sure, I mean, race judicata, these aren't the same issues. Race judicata is same cause brought before the court. It's not the same issue. I mean, the issue on direct appeal was should he have gotten a voluntary manslaughter instructions. Well, and traditionally, race judicata was also an issue that not only issues raised, but issues that could have been. Well, and the state has also made a forfeiture argument that it should have been raised. And in response to that, first of all, forfeiture is a limit on us, not you, the court. And also- I don't think that's the law anymore. Well, also, though, forfeiture, I mean, if it was forfeited, if this court finds it was forfeited, then we've raised an ineffective assistance argument that it should have been challenged. It's clearly meritorious under Morgan and Peltz, and what they've said the substantive law is on this, it's a meritorious claim. In the defendant's prejudice, he has a conviction that should not stand under Morgan and Peltz. So if it's a forfeited claim, it's an effective assistance for not having brought it at the time of the direct appeal. Well, the defendant didn't raise the felony murder issue on direct appeal. No, no, he didn't raise the felony murder issue on direct appeal. I mean, he arguably should have gotten the involuntary manslaughter instructions. And also then, there was also a sentencing issue presented on direct appeal on which he did get relief. But those aren't the same issues, it's not the same cause. And the state's also said, or done the censure, you raised the ineffective assistance argument for the very first time in your reply brief. Well, I mean, my opening brief to this court was that the trial court's ruling was in error, manifestly erroneous. The trial court didn't decide the case on the basis. The trial court didn't consider, or didn't decide the case based on a forfeiture argument. So, I argued that the trial court's ruling was manifestly erroneous. That's the issue before the court was, did the trial judge get it wrong? And on the basis that the trial judge ruled on, he got it wrong. Now the state brings up forfeiture, and in response to that argument now, but that wasn't presented on the basis of the trial court's ruling. The court doesn't have any other questions. Thank you, counsel. Thank you. Counsel? So what do you say, is this intent-based same act analysis or a hybrid? This should definitely be independent of Floyd's purpose. Going off of one of your questions, Your Honor, because this seems to be, there seems to be, if you take a look at Morgan, if you take a look at Pelton, both. Both of them seem to state an underlying concern, I hate to use the word non-legal concern, but it's a concern that do we want to take and label these individuals a murderer? Especially in Pelton, where the jury acquitted him of a knowing murder, right? But nonetheless found him guilty of felony murder based on aggravated battery of a child. So I kind of formulated this question here, and that is, in our case, in this case here, can we label this defendant as a murderer who does not know that his acts create a strong probability of great bodily harm? Because that is knowing murder. Knowing murder, the element in knowing murder is knowing that your acts created a strong probability of death or great bodily harm. Aggravated battery of a child is that you not only have caused great bodily harm, I think there's a difference there. I do not remember the name of the case, I apologize, I'm not really one that is good on remembering case names, but I remember the facts. There was a case before this court that came up on a felony murder based on aggravated battery of a child, where a parent forced, fed the child liquid dish soap. To the point where the child's body was completely filled with this soap, was defecating soap, right? And the defendant's defense on a knowing murder is, I didn't know that this would happen. I didn't know that my acts would cause this. Can we label that individual a murderer based on felony murder? Where the fact that he doesn't know that his acts create a strong probability of death or great bodily harm, but that what he did in fact do, knowingly did, did cause great bodily harm. Can we label that kind of an individual a murderer? To this court, I unequivocally say yes, we can. If you remember in that case, the majority of the court said no. I understand, and that's my point. That's my point here, is the fact that in this case, what we have is we have an individual, okay? Who knowingly did acts, and his acts caused, knowingly caused great bodily harm, okay? In this case, even though he was charged with felony murder and withdrew the knowing, the jury, because of the aggravated battery, was instructed on the mental state of knowing. And because the defendant, in this case, claimed his acts were reckless, even though he didn't get an involuntary manslaughter, the jury was nonetheless instructed on the mental state of recklessness. As a result, in this case, and by the way, he was also able to argue accident. In this case, if the jury had accepted that it was an accident, they would have acquitted. If this jury, in this case, had found that his mental state was one of recklessness, not knowing, they would have had to have acquitted him of what? Aggravated battery of a child. As a result of that finding, what would the verdict have had to have been on felony murder, an acquittal? In essence, this defendant got the ability, had the ability, to take and present his defense, and have everything considered by the jury, which on these facts, the jury rejected. Therefore, this defendant, under these facts, can be labeled a murderer. Even if we couldn't show that he knew that his acts created a strong probability of great bodily harm. What about this line of thought that goes through the Supreme Court cases in the last ten years? I mean, in Davison, there's a statement where whether the state improperly used felony murder charges to avoid the burden of proving an intentional or knowing murder, of course, the murder charge here was dropped. Correct. In the trial. So they just went with the felony murder concept. And that's from Davison. And then Morgan says that we also know that the, they're concerned about the state eliminating the need for the state to prove an intentional or knowing killing in most murder cases by using felony murder. And that was quoted, they quoted that in the Pelt case. So I mean, we're talking about 03, 01, and they talk about the Pelt case that that's their apprehension. That to prevent felony murder charge in the nature that would eliminate the state from proving something. So what does that, what does the Supreme Court meeting when they're talking about that and Morgan and Pelt and Davison, that concept, how does that work? Okay, if you take a look, what you have to do is you have to start with the genesis, which is Morgan. And what did Morgan involve? Morgan involved a young lad who took out a gun because he thought his grandfather was going to beat him to death. Took that gun, pointed it at his grandfather, and shot him, okay? When you take a gun and you point a gun at somebody and you shoot them, right? The act of shooting, okay, in that case, did the felon, did the underlying felony, was that the predicate for the murder, or did the murder actually come from the predicate felony? Basically, what the court was concerned about in that case was, that youth said, I thought he was going to kill me, going to beat me to death, and I used the gun. In that case, because of their concern that he would not be able to present a defense or give instructions for secondary murder, he was precluded, we're making it too easy, right? In that case, that case is entirely different than this. Because in that case, when you take out the gun and hold it and fire it at somebody, your purpose is to kill. You know that firing a gun is going to cause, you know that your act is going to cause great bodily harm. What the court was saying in that case was, was the fact that the aggregated discharge of a firearm, in any case where you have an aggregated discharge of a firearm, chances are likely you're going to have death. So in that situation, you would be able to preclude anybody from erasing heat of passion and or self-defense. In this case, you've got a child. There's no way that this defendant could ever possibly say he was defending himself against a child. No self-defense, no heat of passion, no way for a second degree murder conviction to come in. The only thing that might possibly be applicable here is involuntary manslaughter. Reckless mental state, which the jury was instructed on. As a result, they rejected that. Even if they had given all the issues and instructions on reckless, the jury would still not have found him guilty of reckless conduct because they found that he acted knowingly. Based on the instructions that were given to him. The concerns that underlie Morgan, that precipitated that decision, okay, are simply absent in this case. This defendant got the ability to present all his defenses, right? And it does not follow that simply because, I guess when you look at an act, I cited a case in my brief, Golfer, a case I did a long time ago. Where Dr. Volturno, a Bradley University professor, was clumped on the back of the head and died. One act, took a metal pipe, slammed him on the back of the head. Weeks later, he died of pneumonia. Under the defense theory, and under the same act theory, he only had one act. That one act did two things. That one act was the same thing that did the armed robbery, it was the same thing that caused the death. Now, did he intend to cause the death? I didn't intend to kill him, I just wanted to make it black out so I could take his wallet. Did you know that your act might create a strong probability? No, I really didn't, because I didn't think I hit him that hard, right? So what, he gets to walk, hit somebody in the back of the head with a pipe, because technically speaking, it's one act. And that act precipitated the death. Well, in the Davis versus Morgan analysis, for example, the question is whether or not the predicate felony is inherent in the ultimate killing. Any predicate felony is going to be inherent, okay, when it results in the death. But that's what Supreme Court, that's the language the Supreme Court uses. I agree with Justice Schmitt. If that's the case, then we ain't got felony murder anymore. It's just that simple. I mean, the conclusion in Davis, for example, they found it was unlike Morgan. They conclude saying defendant's felony murder conviction was not improper under Morgan, where they found it wasn't, you know, felony murder. Because the predicate felony of mob action was not inherent in the killing of the victim. But what caused the killing of the mob action? The actions that were taken during the course. The only difference is in the mob action, it's basically, instead of specifying a specific act, it basically says acts that were committed that breached the peace. Well, when you're stomping on somebody and breaching the peace, it's the same act that's going to kill the person. So how would you suggest we analyze it? It has to be, to me, I agree with Justice Garment. She was a special concurrence. Right. And in the last case, she noted that, you know, you keep talking about the act, you keep talking about the felonious purpose. You got to pick one or the other because they can't live together in the same house, and they can't. And I think it's the felonious purpose, irrespective of the act, right? Because what I find interesting is the Fourth District Appellate Court that kind of got the ball rolling in all this, in a subsequent case of People v. Boyd, this is the one where the defendant's brother came in a car with some friends, came to visit. The two got into a fight. The brother runs out of the house. The other brother comes out. The defendant comes out with a gun. And he thinks the brother's in the car, so he's shooting at the car, trying to scare him away. Well, unfortunately, one of the shots entered the vehicle, hit a passenger in the car, killing her. Fourth District had absolutely positively no problem in finding felony murder based on aggravated discharge of a firearm. Why? Because of the felonious purpose, not the act. And in that opinion, what they say is they actually bring up, and I quote it in my brief, and I highlight it in my brief because it's apropos. They point out why should an individual who beats someone to within an inch of their life escape being charged as being found a murderer or being charged with felony murder when the victim dies? They're no less accountable for that than is the individual, and probably more so than is the individual who goes into rival place with a gun, doesn't even discharge the darn thing, but the storekeeper croppies out from a heart attack. But to repeat what Judge Schmidt said, that's a policy argument, but the Supreme Court has made our policy. Well, the thing is... We have to follow. You have to follow. Now, the question is, well, in my humble opinion, they really haven't given much in the way of guidance because they keep using both standards. And I think if this court were to take and pick and choose one standard and use that, I think that's following the Supreme Court's dictates. I don't think you're reversing them. I don't think you're doing anything. I think what you want to try to do is, and that's my reason for wanting to argue this case, is because of the fact that I think what you have to do is instead of just applying, saying, you know, PELT applies. This case falls under PELT. That's too easy because there's more to this felony murder business than just applying facts to a known state of the law, which is in PELT they said aggravated battery of a child is not a predicate for felony murder under the facts of this case. When you look at what the Supreme Court is trying to do, when you distinguish and you actually break apart all of the facts and you take into account their concern, we want defendants to be able to present defendants with defenses when they have them and not to have the state circumvent that simply through mere charging. When you apply those things that were pertinent in Morgan as well as in PELT, and in PELT we had inconsistent verdicts. Unbelievable. Thank you. Real quickly, what's different from this, you know, we're still just the PELT court and what's different between this case and PELT? We don't have that inconsistent verdict and we have the defendant being given jury instructions on everything that could have possibly acquitted him. Well, what differentiates this case from PELT is the defendant testified in this case that he entered the child's room three times in the same night. And the child had injuries on her head, back, and neck. And I'm not sure that you can be asphyxiated with a single blow. So the facts in this case, and I thought that's what Judge Stengel focused on, is that this case is distinguishable from PELT because there's multiple acts and after looking at your briefs, there's multiple incidents or opportunities where this defendant entered her bedroom, rearranged her blankets, and left. And then he went out and showered and he came back and then he left and he came back a third time. So couldn't the jury have found, based on the facts, two separate intentions? One to strike a child or later when she wasn't quiet, to suffocate her when he returned? That could very well be. And it's not that I am not trying to take and present that aspect of the case. I think that aspect speaks for itself. The difficulty with the multiple acts is the fact that in PELT, there were likewise multiple injuries, multiple acts. And multiple opportunities to leave the room and come back? Well, not necessarily, maybe not necessarily in one night. I mean, this is separated by hours. That is, well, you know, you could almost say the same thing, albeit not in the same day. But, you know, the multiple act business, the multiple act aspect, is something that I think enters into the equation here. But I think what you have to do is I think that what you do is with the multiple acts and the one thing that I'm uncertain of is how is that charged? Now we start getting into how things are charged. And unless you define the acts and things of this nature, then we somewhat have a bit of a problem in that aspect. Now, how that factors into with respect to post-conviction here, quite frankly, I haven't really given much thought to. But I understand, but we made the argument that there were multiple acts. But I think that even more so on a philosophical basis, I think, if you want to call it that, or a legal basis, I think that what we have here is a situation where we don't have the same concerns that Morgan has. We don't have facts that are similar. And that's the reason why when they were referring to the act in Morgan, it's because that act of shooting the gun is something that is inherent in murder. But here we have an independent felonious purpose. You not only have multiple acts, but even if we only had in this case the one act of hitting, the felonious purpose for doing that, not an intent to kill. And potentially not even knowing is actually creating a strong probability of creating a subdural hematoma that's going to cause the child's brain to swell. It's going to cause the child to take a die. But yet, nonetheless, his acts cause that. And felony murder encompasses acts that unintentionally or accidentally result in death. And that's what we have here. And that's why we think the trial judge's ruling is correct. Any other questions? Thank you, Your Honor. Thank you. Your Honors, Justice Wright, I'd like to start by addressing your question about Pelt and the difference between entering the room multiple times in this case and the evidence. What if he would address it in terms of what the trial court found, that there were separate acts? The trial court judge did find that there were separate acts on the post-conviction hearing. But the issue at the jury trial, the way this was charged, the way the state presented its case, both in the charge and then in the evidence supporting it, the way the state argued the case, the medical examiner's testimony was all of this was cause of death. They couldn't parse out. It was just the asphyxiating. It was just the blunt force trauma. I mean, the charge, you know, the charge in both the aggravated murder of a child and the felony murder struck her about the body and had, and asphyxiated her. And the medical evidence that was testified to supporting the charges was those acts together. So the first blow at 1 o'clock in the morning is what killed her and not the last one that he admitted making at 3 or 4.30? The medical examiner's testimony, the individual that did the autopsy said the acts could not be parsed out in terms of what was ultimately the cause of death. So what we have is charging all these acts together, the evidence proving all these acts together. This is not a separate acts case. The state didn't present it that way. They didn't charge it that way. They didn't prove it that way. And it shouldn't be distinguished from Pell on that basis because that is not the basis on which the state proceeded with this case. Was Judge Stengel the trial judge? I don't think Judge Stengel was originally the trial judge. Do you recall? So he heard the evidence? I'm sorry. I don't believe he was. His trial happened in 1996. I don't believe he was originally the trial judge. You know, I think the state is essentially asking this court to substitute its judgment for the trier effect, saying, well, we could have proved a knowing murder. We could have proved an intentional murder. The state opted to drop that charge. Under Morgan and Pell, and again, this court is bound by those decisions, as Your Honors are well aware. And this case fits within the parameters of Morgan and Pell. It fits within that framework. Within that framework. If the concern is that someone is going to beat another individual within an inch of their life and that person is going to die and they're not going to be able to get a murder conviction on that basis, plead it and prove it. You have A1. You have A2, intent to kill or cause grave bodily harm, knowing that your acts present a strong probability of death or grave bodily harm. I mean, those are available charges to the state. Plead it and prove it. And I think that's what Morgan and Pell are saying, is that we're not going to relieve the state of a burden to prove a knowing or an intentional murder by saying you can charge felony murder in a case where the acts, the intent, are so intertwined with what is charged as a predicate felony and the ultimate conduct resulting in the death. So I'd ask this Court, under Morgan and Pell, to reverse. How many of the acts that Judge Wright referred to underlie the predicate felony in this case? You say the examiner couldn't tell which, you know, couldn't say this did one-third of the damage, this did two-thirds. Right. In Davison, the state got around that by basically a felony murder on what would have been an aggravated battery because he had some help and they charged him with mob action. So do these distinctions make any sense to you? They do make sense to me because in Davison they also talked about, well, the mob action was completed when he joined with these other people to commit harm, and I forget the exact elements that they talk about in Davison, but that that was done. But the aggravated battery here is what, you can't say that the murder resulted in the aggravated battery or the aggravated battery resulted in the murder in this case. How many aggravated batteries were there in this case? The state charged one aggravated battery based on the lump sum of the acts. And one felony murder. Based on that same lump sum of the acts. Based on similar pun. Their allegations are exactly the same. I mean, the allegations in the charging instrument are exactly the same. The way this case was presented and argued. It's a blow, it's a blow. But they weren't differentiated out in the charging instrument. The state doesn't say. You slapped the child on one occasion and punched the child on the next occasion. To sustain a conviction like this, I would say that would maybe be one of the only ways to sustain a felony murder based on an aggravated battery of a child is to parse those things out in charging and in how you present that evidence in proving your case to the jury. The state did not do that here. They didn't make any effort to. The record supports both that the charge and the evidence were that it was the lump sum of these acts. And Governor Morgan and Pelt persist in their request that this court vacate the felony murder conviction. Reinstate the conviction on the aggravated battery of a child. And go on to impose what would have been the maximum sentence on that conviction of 30 years. Thank you. Thank you counsel. This court will now stand at recess until our next session. Oh yeah, I'm adjourned until our next session. And we'll take the case under advisement and render a decision.